**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**SYLVIA CAIRNS,**

**Plaintiff,**

**v.** **CASE No.:**

**TEDDY'S WING SHACK, INC.,**

**Defendant.**
____________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SYLVIA CAIRNS ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, TEDDY'S WING SHACK, INC. ("Defendant"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 621 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in the Southern District of Florida, because all of the events giving rise to these claims occurred in Palm Beach County, Florida, which lies within the Southern District of Florida.

## PARTIES

4. Plaintiff is a resident of Okaloosa County, Florida.

5. Defendant operates a restaurant in West Palm Beach, in Palm Beach County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the ADEA.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the ADEA.

## FACTS

11. Plaintiff was employed by Defendant from June 2008 until June 30, 2013.

12. Plaintiff began employment as a server/ bartender, and was later promoted to a assistant manager.

13. Plaintiff is a female who is over the age of 40.

14. Thus, Plaintiff is a member of a protected class, and on account of her protected status, Plaintiff benefits from the protections of Title VII and the ADEA.

15. Plaintiff performed the job for which she was hired in a satisfactory manner.

16. During Plaintiff's employment, Plaintiff was subjected to disparate treatment by Defendant on the basis of her age and sex.

17. Specifically, Plaintiff's General Manager, Jason Ross made disparaging comments to Plaintiff, including but not limited to, referring to Plaintiff as a "dinosaur", and telling a customer that Plaintiff had been an employee there "since the 1960's."

18. Also, Plaintiff's Manager, Taryn Hole stated she would like the female employees to wear more attractive uniforms, however she was concerned that the "older women would gross people out," referring to Plaintiff.

19. Further, Defendant treated Plaintiff less favorably in comparisons to similarly situated male employees, including but not limited to, paying Plaintiff a lesser wage for performing similar duties as male employees for the same work, and even requiring Plaintiff to perform job duties such as mopping, waiting tables, and cleaning, all of which were not required of other similarly situated male employees.

20. Plaintiff complained to Defendant about this disparate treatment by reporting it to Defendant. However, Defendant ignored her complaints and no remedial action was taken.

21. On or about June 30, 2013, Defendant retaliated against Plaintiff for invoking her rights under Title VII and the ADEA by terminating Plaintiff's employment.

22. Shortly after Plaintiff was terminated, Ms. Hole told other employees that "the old ugly women are gone now."

23. Plaintiff filed a Charge of Discrimination ("Charge") with both the Florida Commission on Human Relations ("FCHR") and the Equal Opportunity Employment Commission ("EEOC").

24. As of result of her filed Charge, Plaintiff was issued a determination by the EEOC and FCHR finding cause.

**COUNT I – TITLE VII VIOLATION**
**(SEX DISCRIMINATION)**

25. Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

26. Plaintiff is a member of a protected class under Title VII.

27. Plaintiff was subjected to disparate treatment by Defendant on the basis of her sex, including but not limited to, being treated less favorably in comparisons to similarly situated male employees and being terminated from her employment.

28. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

29. Defendant's actions were willful and done with malice.

30. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained.

i) All costs and attorney's fees incurred in prosecuting these claims; and

For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII RETALIATION

31. Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

32. Plaintiff is a member of a protected class under Title VII.

33. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

34. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating her employment.

35. Defendant's actions were willful and done with malice.

36. By terminating her employment, Defendant took material adverse action against Plaintiff.

37. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g) Front pay;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

**COUNT III – ADEA VIOLATION**

38. Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

39. As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

40. Plaintiff was subjected to disparate treatment based on her age.

41. Defendant's actions were willful and done with malice.

42. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of the ADEA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to her prior position with back pay plus interest, or in the alternative, front pay;

f) Liquidated damages in an amount equal to Plaintiff's total damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

**COUNT IV – ADEA RETALIATION**

43. Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

44. As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

45. Plaintiff engaged in protected activity under the ADEA by complaining to Defendant about the age discrimination she was subjected.

46. Defendant retaliated against Plaintiff for engaging in protected activity under the ADEA by terminating Plaintiff's employment.

47. Defendant's actions were willful and done with malice.

48. By terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

49. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of the ADEA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to her prior position with back pay, or in the alternative, front pay;

f) Liquidated damages in an amount equal to Plaintiff's total damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 11th day of March, 2016.

Respectfully submitted,

**BRANDON J. HILL**
Florida Bar No. 0037061
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-337-7992
Facsimile No.: 813-229-8712
Email: bhill@wfclaw.com
Email: jriley@wfclaw.com
**Attorneys for Plaintiff**